# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL PROCTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4350-SSA-CV-C-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning in February 1999 and he filed his application for benefits on December 20, 2002. The parties' briefs were fully submitted, and on September 18, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Michael Proctor was born in 1970 and attended school for approximately eleven years. He has work experience as a kitchen worker, nurses' aide, laundry worker and outside delivery person. He alleges disability from back pain, asthma, and because he was in special education classes in school.

The Administrative Law Judge (ALJ) found Proctor had chronic back pain, asthma, obesity and borderline intellectual functioning. He determined, however, that claimant exaggerated his symptoms and was not fully credible. Accordingly, after examining the available evidence, the ALJ decided that although Proctor could not return to his former work,

he was capable of performing a significant range of sedentary work.  Examples of such jobs were identified as assembly workers and simple packagers.

Proctor asserts the ALJ erred by not giving proper weight to the opinion of the treating doctor, Andrew Quint, M.D., and in making a residual functional capacity assessment that claimant could do sedentary work.

In an opinion letter written in March 2004, Dr. Quint stated he believed claimant was unable to maintain full-time employment.  He stated Proctor's problems included chronic back pain, hypertension, asthma, hyperlipidemia and suspected obstructive sleep apnea with hypersomnolence.  He expressed the possibility of an underlying mood disorder.

After summarizing the medical evidence, the ALJ concluded claimant's asthma and hypertension were controlled with medication when plaintiff took his medication as prescribed.  The court's review is limited to a determination of whether there is substantial evidence on the record as a whole to support the Commissioner's decision.  Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1996).  The medical notes support the conclusion that Proctor's asthma, hypertension, and headaches responded to prescribed medication and were controllable.  "Impairments that are controllable or amenable to treatment do not support a finding of disability, and '[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.'"  Kisling v. Chater, 105 F.3d 1255 (8th Cir. 1997).

The medical records indicate a possible explanation for some of claimant's reported back pain.  An MRI showed a "developmentally small canal throughout the lumbar course with superimposition of some disc bulging at L4-5, L3-4, and L2-3 which creates further narrowing of the canal and perhaps early development of spinal stenosis," but "no evidence of a disc herniation."  (TR at 349.)  A neurosurgeon, however, opined that claimant's pain was probably muscular and there was no indication for surgery.  Proctor was fitted for a back brace, which provided some relief when he wore it[2].  The records also show that at various times, Proctor was

---

[2]Proctor told his physician that he wore it at night, but not during the day.  He stated he was told to wear it at night.

3

told to walk as much as possible or perform back exercises for his back pain. Treatment notes state loss of weight and/or physical therapy would probably improve the back pain.

The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991). The objective evidence does not support a finding of disabling back pain.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).

Claimant's testimony regarding his daily activities and level of pain are inconsistent when the record as a whole is considered. The ALJ adequately identified some of the inconsistencies and made a credibility determination. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

The ALJ noted claimant's treatment documents indicated there was no atrophy found in his upper or lower extremities, he was able to leave the house regularly, he was physically capable and took a city bus to the hearing, he sat without apparent discomfort during the hearing and was physically able to complete the educational assessment with only normal breaks and without apparent discomfort. He had been told to walk as much as possible and to do back exercises.

Further, Proctor had a poor work history. A work history characterized by fairly low earnings and significant breaks in employment casts doubt on a claimant's credibility. Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996).

Claimant's psychological examination revealed IQ and memory scores in the borderline range of intellectual functioning. The evaluators recommended employers should make sure Proctor understood what was expected of him in a workplace and/or new workplace setting. The

4

recommendations included discussion of the testing results with his vocational rehabilitation counselor to determine appropriate accommodations and strategies. (Tr. at 372.) The ALJ considered this examination in determining Proctor's RFC which included a restriction that he be limited to jobs involving simple, repetitive-type work duties.

The ALJ cited Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), in recognition of the factors to be considered. He then noted what he considered to be determinative inconsistencies in the record to support his conclusions. His decision is approximately thirteen pages long and indicates Proctor had a full administrative consideration in accord with the applicable statutes and regulations.

The ALJ's opinion may not have been as graciously expressed as claimant would have liked and his conclusions may not have been entirely correct; nevertheless, the administrative decision must be upheld if there is substantial evidence in the record as a whole to support the conclusion that plaintiff is not disabled. Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993); Baker v. Secretary of Health and Human Services, 955 F.2d 552, 554 (8th Cir. 1992). The records submitted to the court indicate plaintiff has some impairments, but there is substantial evidence to support the conclusion of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act.

For these reasons and those set forth in more detail in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 26th day of September, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge